Francis X. **SELGRATH**, Kenneth Rocks and Harry Cunningham, Individually and on behalf of others similarly situated

v.

The **CITY OF PHILADELPHIA**, William J. Green, W. Wilson Goode, Morton B. Solomon, Alan J. Davis and J. W. Brown.

Civ. A. No. 82–0308.

United States District Court, E. D. Pennsylvania.

April 14, 1982.

Julian C. Wessel, III, Philadelphia, Pa., for plaintiffs.

Mark A. Aronchick, First Deputy City Sol., Philadelphia, Pa., for defendants.

MEMORANDUM

BECHTLE, District Judge.

On April 2, 1982, the Court entered summary judgment in defendants' favor in this civil action on the ground that plaintiffs lacked standing. This Memorandum is filed in support of that Order.

The pertinent undisputed facts are as follows. Plaintiffs are three policemen, employed by the Police Department of the City of Philadelphia. As Philadelphia policemen, they belong to Philadelphia Lodge No. 5 of the Fraternal Order of Police ("F.O.P."), an unincorporated association

organized for the purpose, *inter alia*, of acting as the policemen's bargaining unit in labor negotiations with the City of Philadelphia. The Philadelphia F.O.P. holds biennial elections in which its members choose trustees, officers and delegates. The F.O.P.'s by-laws have *required* for some time that these elections be conducted at the principal offices of the F.O.P. at 1336 Spring Garden Street, Philadelphia, Pennsylvania. Defendants' motion, Exhibit A, ¶ 3. Plaintiffs claim that holding the elections at a single location results in long lines of members waiting to vote, and thus discourages many members from voting.

Despite the provision of the F.O.P. by-laws requiring that elections be held at F.O.P. headquarters, plaintiffs requested, on or about January 6, 1982, that defendant Morton B. Solomon, Commissioner of the Philadelphia Police Department, authorize the use of police department facilities for the upcoming F.O.P. election. About one week later, defendants declared that municipal facilities could not be used for that purpose. Thereafter, on January 26, 1982, it was moved before the Board of Directors of the F.O.P. that the by-laws be amended to provide that F.O.P. elections be held at alternative locations, including police district and division facilities. The motion was defeated by a vote of 59 in favor of the motion and 57 against, a two-thirds majority vote being required for approval of amendments to the by-laws. Thus, the by-laws remain unchanged, still requiring that elections be held at the principal offices of the F.O.P. *See* Defendants' Motion, Exhibit A, ¶ 4.

Plaintiffs contend that defendants' refusal to permit the use of municipal facilities for F.O.P. elections infringes plaintiffs' First and Fourteenth Amendment rights of free speech and association. In their motion for summary judgment, defendants argue that plaintiffs lack standing to assert this claim because the F.O.P. by-law provision would bar the use of municipal facilities even if the Court granted plaintiffs the declaratory and injunctive relief requested. The Court agrees.

In *Valley Forge Christian College v. Americans United for Separation of Church and State*, —— U.S. ——, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982), the Supreme Court restated the limitations, imposed by Article III of the Constitution, that are embodied in the concept of standing:

> [A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 [99 S.Ct. 1601, 1608, 60 L.Ed.2d 66] (1979), and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision," *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 41 [96 S.Ct. 1917, 1924, 1925, 48 L.Ed.2d 450] (1976). In this manner does Art. III limit the federal judicial power "to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process." *Flast v. Cohen*, [392 U.S. 83, 97, 88 S.Ct. 1942, 1951, 20 L.Ed.2d 947 (1968)].

*Valley Forge Christian College v. Americans United for Separation of Church and State, supra*, 102 S.Ct. at 758 (footnote omitted). *See also, Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 72, 74, 98 S.Ct. 2620, 2629, 2630, 57 L.Ed.2d 595 (1978). The standing requirement "tends to assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Valley Forge Christian College v. Americans United for Separation of Church and State, supra*, 102 S.Ct. at 758.

In the present case, the injury allegedly suffered by plaintiffs is the infringement of their First and Fourteenth Amendment right to free speech and association caused by the inability to use municipal facilities in

F.O.P. elections. Assuming *arguendo* that plaintiffs have suffered a judicially cognizable injury, that injury simply cannot be traced to any conduct of the defendants. Instead, plaintiffs' injury stems from the provision of their own organization's by-laws requiring the use of the F.O.P. headquarters for the elections. Plaintiffs' argument that the failure of the F.O.P.'s Board of Directors to amend the by-laws was caused by defendants' earlier refusal to permit the use of municipal facilities for F.O.P. elections is unavailing. Such groundless speculation is insufficient to confer Article III standing upon plaintiffs. *Simon v. Eastern Kentucky Welfare Rights Organization, supra,* 426 U.S. at 42–43, 96 S.Ct. at 1926.

Any doubt about whether plaintiffs have standing is removed by considering whether the injury claimed "is likely to be redressed by a favorable decision." *Id.* at 38, 96 S.Ct. at 1924. If the Court were to reach the merits of plaintiffs' claims and hold that defendants have violated plaintiffs' constitutional right and grant plaintiffs the relief sought, plaintiffs would still be unable to use municipal facilities in F.O.P. elections because the F.O.P.'s by-laws do not permit it. The Court's action would thus be futile. *See Doherty v. Rutgers School of Law-Newark,* 651 F.2d 893, 899, 902 (3d Cir. 1981). Such an outcome is precisely the danger to be avoided by adherence to the requirement of standing.

For the reasons set forth above, plaintiffs' injury, if any, cannot fairly be traced to defendant's conduct, nor would the plaintiffs be likely to obtain redress if the Court granted the relief sought. Since plaintiffs therefore lack standing, the Court entered summary judgment in defendants' favor by Order of April 2, 1982.